**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tammy Anderson, *et al.*, | No. CV-20-00612-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| Liberty Mutual Insurance Company, | |
| Defendant. | |

At issue is Plaintiffs' Motion to Remand (Doc. 10, Mot.), to which Defendant filed a Response (Doc. 13, Resp.) and Plaintiffs filed a Reply (Doc. 14, Reply).

**I.   BACKGROUND**

On November 15, 2017, Plaintiffs Tammy Anderson and Bridget Ott were in a motor vehicle accident with an uninsured motorist, and Plaintiffs sustained injuries in the accident. Ms. Anderson carried uninsured motorist insurance with an entity of Defendant Liberty Mutual Insurance Company. (*See* Resp. at 1 n.1, naming LM General Insurance Company as the proper defendant.) Ms. Anderson incurred $8,461.60 in medical bills, and Ms. Ott incurred $9,579.00 in medical bills. Defendant offered each Plaintiff just over $1,000 less than their claimed medical bills to settle the uninsured motorist claims.

Plaintiffs filed suit against Defendant in state court, alleging breach of contract and bad faith for failing to offer reasonable compensation under the uninsured motorist policy. Plaintiffs seek compensatory damages, special damages, and attorneys' fees. In state court, Plaintiffs certified that the case was not eligible for arbitration because the amount in

controversy exceeds $50,000. Defendant's counsel then requested that Plaintiffs' counsel stipulate to seek less than $75,000 as damages in this matter, and Plaintiffs' counsel declined to so stipulate. As a result, Defendant removed the case to this Court, alleging that the amount in controversy exceeds $75,000 and thus meets the threshold for diversity jurisdiction under 28 U.S.C. § 1332. Plaintiffs disagree and now ask the Court to remand the case to state court.

## II.   LEGAL STANDARD

Federal courts may exercise removal jurisdiction over a case only if subject matter jurisdiction exists. 28 U.S.C. § 1441(a); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). The removing party bears the burden of providing a signed notice of removal that contains a short and plain statement of the grounds for removal. 28 U.S.C. § 1446(a).

Federal courts have diversity jurisdiction over actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The Supreme Court has concluded that, under § 1446(a), "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

When a defendant's assertion of the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin*, 135 S. Ct. at 554. The Ninth Circuit Court of Appeals has noted that the Supreme Court did not decide the procedure for each side to submit proof, leaving district courts to set such procedure. *See Ibarra v. Manheim Inv.*, 775 F.3d 1193, 1199–1200 (9th Cir. 2015) (citing *Dart Cherokee Basin*, 135 S. Ct. at 554). "[E]vidence may be direct or circumstantial," and "a damages assessment may require a chain of reasoning that includes assumptions." *Id.* at

1199. "When this is so, those assumptions cannot be pulled from thin air but need some reasonable ground underlying them." *Id.* Courts may consider evidence of jury awards or judgments in similarly situated cases to make an amount in controversy determination. *Ansley v. Metro. Life Ins. Co.*, 215 F.R.D. 575, 578 & n.4 (D. Ariz. 2003).

### III.     ANALYSIS

The Court must begin with the parties' positions that Plaintiffs incurred around $18,000 in medical bills as a result of the accident, and Defendant offered around $15,500 to settle Plaintiffs' uninsured motorist claim. Defendant thus has the burden to show that, if they prevail, Plaintiffs' likely damages for pain and suffering, loss of income, and attorneys' fees will bring the damages amount above the jurisdictional threshold of $75,000.

In response to Plaintiffs' challenge to the Court's jurisdiction, Defendant makes four arguments to substantiate the amount-in-controversy allegation in its Notice of Removal. First, Defendant contends that Plaintiffs' designation of the case as Tier 2 in state court means that the amount of compensatory damages in controversy exceeds $50,000—the Tier 2 minimum—without any consideration of attorneys' fees. While Plaintiffs' state court designation is some evidence of the amount in controversy, its principal effect is to preclude Plaintiffs from now arguing that the amount of compensatory damages in controversy is less than $50,000. The Court can only take that evidence as far as it goes— $50,000.

Defendant next contends that Plaintiffs' refusal to agree to seek less than $75,000 in this matter is evidence that the amount in controversy is more. While the fact that Plaintiffs took no position as to Defendant's offer certainly does not help Plaintiffs' cause, it is also not strong evidence—particularly by itself—that the amount in controversy exceeds $75,000 either.

Defendant also argues that an attorneys' fees award will bring the amount in controversy over the threshold. But Defendant provides no estimate of a potential fees award—conservative or otherwise—for the Court to consider. That is, even presuming a

starting point of $50,000 based on Plaintiffs' state court designation of the case, Defendant does not substantiate an attorneys' fees award of more than $25,000 by anything other than inference and conjecture, and thus this evidence, such as it is, is of the pulled-from-thin-air variety. *See, e.g.*, *Welsh v. N.H. Ins. Co.*, 843 F. Supp. 2d 1006 (D. Ariz. 2012).

Finally, Defendant provides a list of cases it argues are similarly situated in which juries awarded more than $75,000 in damages. The Court must agree with Plaintiffs that Defendant has failed to demonstrate that these cases are analogous to the present one. The citation Defendant provided to *Williamson v. Safety National Casualty Corporation*, 2016 WL 7049112 (Ariz. Super. Ct. Oct. 14, 2016), is simply a $1,000,000 jury verdict for a bad faith claim without any background facts. The two personal injury cases Defendant cites were set in entirely different contexts. In *Yollin v. City of Glendale*, 191 P.3d 1040 (Ariz. Ct. App. 2008), the court resolved whether the amount of damages the plaintiff claimed in his notice of claim to a municipality met the sum-certain requirement. In *Acuna v. Kroack*, 128 P.3d 221 (Ariz. Ct. App. 2006), the court considered the propriety of a jury verdict in a negligence action in favor of a plaintiff who suffered a serious and debilitating injury in a car accident. The balance of the cases cited by Defendant, to the extent they are in the insurance bad faith context, involved property claims. None of the cases are reliable evidence of the amount in controversy in the present matter.

In sum, Defendant has not demonstrated with sufficient evidence that the amount in controversy in this matter is anything more than $50,000, and that amount comes solely from Plaintiffs' state court certification and not other evidence. Because Defendant has not shown by a preponderance of evidence that the amount in controversy exceeds the jurisdictional threshold, the Court must remand this case to state court. *See* 28 U.S.C. § 1447(c). However, the Court does not find Defendant's Notice of Removal to be so unreasonable as to merit an award of attorneys' fees to Plaintiffs for their preparation of the Motion to Remand.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IT IS THEREFORE ORDERED granting in part Plaintiffs' Motion to Remand (Doc. 10). This case is to be remanded to state court, but Plaintiffs' request for attorneys' fees is denied.

IT IS FURTHER ORDERED vacating the Rule 16 Scheduling Conference set for August 27, 2020, at 10:00 a.m. (Docs. 17, 18).

IT IS FURTHER ORDERED directing the Clerk of Court to remand this action to Maricopa County Superior Court as soon as is practicable and close this matter.

Dated this 18th day of August, 2020.

Honorable John J. Tuchi
United States District Judge